TASHIMA, Circuit Judge,
concurring in part and dissenting in part:
I concur in all of the majority’s disposition, except for its treatment and denial of Gill’s claim under the Convention Against Torture (“CAT”), from which I dissent.
The majority concedes that “[t]he BIA did not explicitly address [Gill’s] CAT claim, as it should have.” Yet, it goes on to reject the claim on its merits for reasons the BIA itself did not rely on. We may affirm the BIA only on grounds set forth in the opinion under review. See Recinos De Leon v. Gonzales, 400 F.3d *317 1185, 1189 (9th Cir.2005) (citing SEC v. Chenery Corp., 332 U.S. 194, 196-97, 67 S.Ct. 1760, 91 L.Ed. 1995 (1947)). The majority’s reliance on grounds not articulated in either the BIA’s decision or in that portion of the Immigration Judge’s decision concerning the CAT claim is a clear violation of the venerable Chenery principle.
The BIA is not free to ignore arguments raised by a petitioner and, in disposing of a CAT claim, must provide a statement of its reasons for denying relief that is adequate for this Court to conduct its review. Antonyan v. Holder, 642 F.3d 1250, 1256 (9th Cir.2011); Sagaydak v. Gonzales, 405 F.3d 1035, 1040 (9th Cir.2005). Here, the BIA entirely failed to address Gill’s CAT claim, much less to provide a cogent statement of its reasons for denying the claim.
Accordingly, because I would remand Gill’s CAT claim to the BIA for further proceedings, see She v. Holder, 629 F.3d 958, 963-64 (9th Cir.2010), I respectfully dissent from that portion of the disposition.
As to Gill’s remaining contentions, I concur in the decision.